UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
DANIERE MATHIS,

              Petitioner,

      v.
                                              9:06-CV-0878

SHERIFF OF ALBANY COUNTY JAIL;          (LEK/RFT)
JOHN DOES,

              Respondents.
-----------------------------------------------------
APPEARANCES:

DANIERE MATHIS
Petitioner, *pro se*
06-A-5033

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## **ORDER**

Presently before the Court is an Amended Petition (Dkt. No. 10) filed in accordance with this Court's Order dated September 26, 2006. September 2006 Order (Dkt. No. 9).

### I. Background

This action was originally filed by Daniere Mathis ("Mathis" or "Petitioner") on July 3, 2006. In the Petition (Dkt. No. 1), Mathis appeared to complain of a judgment rendered in the Albany County Court. The date of the conviction and sentencing were not set forth, and it appeared that Petitioner had not yet been sentenced when he filed his original Petition. The September 2006 Order advised Petitioner that:

> ... it appears from Petitioner's submissions that he was recently sentenced, and, therefore, it would seem likely that he has not exhausted all of the state court remedies available to him prior to filing this action. *See* Dkt. No. 1. It appears that, as of the date of this Order, neither the Appellate Division or the New York State Court of Appeals have had an opportunity to review this conviction and sentence. Therefore, the Court must dismiss

> the instant petition without prejudice. Such dismissal is without prejudice to Mathis filing a new petition after he has fully exhausted **all** of the state-court remedies available to him. In the event Petitioner believes he has fully exhausted his state court appeals, he may file an amended petition with this Court, within thirty (30) days of the filing date of this Order.

September 2006 Order (Dkt. No. 9) at 2-3 (emphasis in original).

## II. The Amended Petition

The Amended Petition (Dkt. No. 10) is actually eighteen pages of legal argument as to why this Court should hear the claims Petitioner asserted in his Petition. At no point does Petitioner set forth the date of his conviction, the charges he was convicted on, or any statement as to the appeals he has taken to the Appellate Division or the New York State Court of Appeals. Annexed to the Amended Petition is a July 2006 letter from the Counsel to New York State Chief Judge Judith S. Kaye, advising Petitioner to pursue his State court appeals. See Dkt. No. 10, Ex. 1. The Court also notes that Petitioner was transferred to the custody of the New York State Department of Correctional Services on September 19, 2006, based upon a conviction in the Albany County Court. See New York State Dep't of Corr. Website *at* http://nysdocslookup.docs.state.ny.us (last visited Dec. 19, 2006).

As the September 2006 Order explained to Petitioner, the Federal habeas corpus statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies." September 2006 Order (Dkt. No. 9) at 2 (citing Daye v. Attorney Gen. of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982) (en banc)). "The exhaustion doctrine provides that 'a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal

2

claim.'" September 2006 Order (Dkt. No. 9) at 2 (citing, *inter alia*, Daye, 696 F.2d at 191 (citations omitted)). The concept that Federal courts not exercise habeas review of a State-court conviction unless the State courts have first had an opportunity to consider and correct any violation of federal law "expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." September 2006 Order (Dkt. No. 9) at 2 (citing, *inter alia*, Daye, 696 F.2d at 192 (citations omitted)).

The doctrine of exhaustion contemplates that the claim now being asserted by way of a Federal habeas corpus petition has been "fairly presented" to the State courts. Daye, 696 F.2d at 191-92. "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." Id. at 191 (citations omitted). "Specifically, he must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." Id. (citations omitted). Furthermore, "the petitioner must have placed before the state court essentially the same legal doctrine he asserts in his federal petition." Id. at 192 (citations omitted).

It is clear that Petitioner's filing of this action was premature. Petitioner should focus his efforts on perfecting and exhausting his remedies before the Appellate Division and the New York Court of Appeals. Until those State courts have ruled on the merits of Petitioner's claims they are not properly before this Court. Accordingly, this action will be dismissed for failure to exhaust State court remedies, without prejudice to refile once Petitioner has fully exhausted his claims in the State courts.

### III. Conclusion

WHEREFORE, it is hereby

**ORDERED**, that this action is **DISMISSED WITHOUT PREJUDICE**, due to Petitioner's failure to exhaust his State court remedies; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Petitioner by regular mail.

**IT IS SO ORDERED**.

DATED:   December 21, 2006
         Albany, New York

_/s/ Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge